Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000522
05-OCT-2017
11:33 AM

NO. CAAP-17-0000522

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
TERI W. PEDRO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTA-17-00495)

ORDER GRANTING AUGUST 19, 2017 MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
AND DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Nakamura, Chief Judge, Fujise and Chan, JJ.)

Upon review of (1) Defendant-Appellant Teri W. Pedro's
(Appellant Pedro) August 19, 2017 motion to dismiss her own
appeal in appellate court case number CAAP-17-0000522 for lack of
appellate jurisdiction, (2) the lack of any response by
Plaintiff-Appellee State of Hawai'i to Appellant Pedro's
August 19, 2017 motion to dismiss, (3) Appellant Pedro's
attorney, Deputy Public Defender James A. Tabe's declaration
stating his unsuccessful effort to contact Appellant Pedro by
telephone or letter explaining why he was unable to obtain an
affidavit or declaration that reflects a knowing and intelligent
understanding of the consequences of the dismissal of the appeal
and that the withdrawal is made voluntarily, pursuant to
Rule 42(c) of the Hawai'i Rules of Appellate Procedure (HRAP),

and (4) the record, it appears that we lack appellate jurisdiction over Appellant Pedro's appeal from the Honorable Margaret K. Masunaga's May 25, 2017 interlocutory order in district court Criminal No. 3DTA-17-00495 acknowledging Appellant Pedro's plea of not guilty to the charge of operating a vehicle under the influence of an intoxicant in violation of HRS § 291E-61 (Supp. 2016) and scheduling a pretrial conference for June 19, 2017, because the district court has not yet entered a final judgment.

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" Hawaii Revised Statutes (HRS) § 602-57(1) (2016). HRS § 641-12 (2016) provides that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Appellant Pedro is not appealing from a final decision or judgment of the district court because the district court has not yet held a trial, much less entered any final decision or judgment. Absent an appealable final decision or judgment in a district court criminal case, we lack appellate jurisdiction under HRS § 641-12.

"An appellate court has . . . an independent obligation to ensure jurisdiction over each case and to dismiss the appeal sua sponte if a jurisdictional defect exists." State v. Graybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000) (citation omitted). "A jurisdictional defect in an appeal cannot be waived by the parties or disregarded by us. We must dismiss an appeal on our own motion if we lack jurisdiction." State v. Johnston, 63 Haw. 9, 10, 619 P.2d 1076, 1077 (1980) (citations omitted). Therefore, in the absence of appellate jurisdiction, we dismiss Appellant Pedro's appeal from the May 25, 2017 interlocutory order for lack of appellate jurisdiction.

Accordingly, IT IS HEREBY ORDERED that Appellant Pedro's August 19, 2017 motion to dismiss appellate court case number CAAP-17-0000522 for lack of appellate jurisdiction is granted.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-17-0000522 are dismissed as moot.

DATED: Honolulu, Hawai'i, October 5, 2017.

Chief Judge

Associate Judge

Associate Judge